**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Robert Santorsa : | |
| 208 Clairmont Rd. : | |
| Dickson City, PA 18519 : | |
| : | |
| vs. : | |
| : | |
| Quality Freight Line, Inc. : | |
| 4655 Glass Mountain Way : | CIVIL ACTION NO.: |
| Haymarket VA 20169-8149 : | |
| and : | |
| Farrukh Saleem : | |
| d/b/a M&I Transport LLC : | |
| 3316 Ralston Ct. : | |
| High Point, NC 27265-9457 : | |
| and : | |
| John Bombard : | |
| 347 Sandy Ridge Rd. : | |
| Waynesboro, VA 22980-8934 : | |
| : | **JURY TRIAL DEMANDED** |

**COMPLAINT IN CIVIL ACTION**

Plaintiff, Robert Santorsa ("Santorsa or 'Plaintiff'"), by way of this Complaint brings this action for negligence arising from an accident wherein a tractor trailer jacknifed on Route 81 South in Lebanon County, causing a seven car pile up, resulting in catastrophic injuries and damages to the Plaintiff. In support thereof, Plaintiff avers:

**JURISDICTION**

1.  Federal jurisdiction exists pursuant to 28 U.S.C. § 1332 because Plaintiff is a resident of a different state from all Defendants, and because the value of the matter in controversy exceeds $75,000.00.

2.  This Court has personal jurisdiction over each of the Defendants pursuant to the

Pennsylvania Long-Arm Statute, 42 Pa.C.S.A. §5322. Defendants transact business within the Commonwealth of Pennsylvania, and Defendants committed negligence and other tortious acts and omissions in Pennsylvania. Defendants' negligence, tortious acts, and omissions caused injury to Plaintiff in the Commonwealth of Pennsylvania.

## VENUE

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which this claim is based occurred in Pennsylvania's Eastern District.

## PARTIES

4. Plaintiff, Robert Santorsa ("Santorsa"), is an individual residing in the Commonwealth of Pennsylvania, residing therein at 208 Clairmont Road, Dickson City, Pennsylvania 18519.

5. Defendant, Quality Freight Line, Inc. ("Quality"), is alleged and therefore averred to be a corporation domiciled in the Commonwealth of Virginia, residing therein at 4655 Glass Mountain Way, Haymarket, Virginia 20169-8149.

6. Defendant, Farrukh Saleem ("Saleem"), d/b/a M&I Transport LLC, is alleged and therefore averred to be an individual and/or owner of a limited liability company, both domiciled therein at 3316 Ralston Ct., High Point, North Carolina 27265-9457.

7. Defendant, John Bombard ("Bombard"), is alleged and therefore averred to be an individual domiciled therein at 347 Sandy Ridge Rd., Waynesboro, Virginia 22980-8934.

## FACTS COMMON TO ALL COUNTS

8. On or about September 13, 2023, Santorsa was involved in a seven (7) car motor vehicle accident at or near Interstate 81 South, Mile Marker 92.7, in Swatara Township, Lebanon County, Pennsylvania when a tractor trailer being operated by Defendant Saleem and owned by Defendant Quality jackknifed and caused a seven (7) car pile up, which resulted in severe and permanent injuries to Santorsa.

9. At all times relevant hereto, Defendant Quality was the lawful owner and otherwise responsible for the Wabash Tractor Trailer that was being operated by Defendant Saleem.

10. This accident resulted solely from the negligence and carelessness of the Defendants, their agents, servants, workmen and/or employees; and was due in no manner whatsoever to any act or failure to act on the part of Santorsa.

11. As a result of this accident, Santorsa has suffered injuries which are serious and permanent in nature, including, but not limited to: disc herniations and abnormalities to the lumbar and cervical spine; cervical disc disorder; radiculopathy; cervical radiculopathy; bilateral foraminal stenosis; spinal stenosis; shoulder, lumbar and cervical pain; intense headaches; scarring and disfigurement; contusions, lacerations and abrasions over various portions of her body; mental anguish; post traumatic anxiety and depression; severe damage to her nerves and nervous system; and various other ills and injuries which Plaintiff suffers, which will remain for an indefinite time into the future, including the need for future surgical intervention.

12. As a further result of the aforesaid accident, Santorsa has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses, all of which Plaintiff may continue to expend and incur for an indefinite time into the future.

13. As a further result of the aforesaid accident, Santorsa was unable to perform most, if not all, the functions of his job, and consequently incurred significant losses in earnings, as well as impairment of his earning capacity and power, all of which will continue indefinitely into the future.

14. As a further result of the aforesaid accident, Santorsa suffered severe physical pain and trauma, mental anguish and humiliation, and will continue to suffer the same for an indefinite time into the future.

15. As a further result of the aforesaid accident, Santorsa suffered a diminution in his ability to enjoy life and its pleasures, all of which will continue indefinitely into the future.

### COUNT I—NEGLIGENCE
### PLAINTIFF ROBERT SANTORSA VS. ALL DEFENDANTS

16. Plaintiff Santorsa incorporates by reference Paragraphs 1 through 15 as if the same were herein set forth at length.

17. The negligence and carelessness of Defendants consisted of the following:

    a. Careless Driving, pursuant to 75 Pa. Cons. Stat. § 3714;

    b. Following too closely, pursuant to 75 Pa. Cons. Stat. § 3310;

    c. failing to exercise ordinary care under the circumstances;

    d. Operation of a motor vehicle at an excessive rate of speed under the circumstances;

    e. Failing to pay proper attention while operating a motor vehicle;

  f. Failing to keep a proper lookout;

  g. Disregarding a traffic control device;

  h. Failing to slow down and follow traffic conditions;

  i. Violation of the assured clear distance rule; and

  j. On information and belief, operation of a motor vehicle while distracted;

  k. Negligent entrustment;

  l. Negligence per se.

18. WHEREFORE, Plaintiff, Robert Santorsa, demands judgment against All Defendants, individually and jointly, in an amount in excess of Seventy Five Thousand ($75,000.00) dollars, together with punitive damages, interest, and damages for prejudgment and post-judgment delay.

                By: */s/ Nicholas W. Mattiacci*

                Nicholas W. Mattiacci, Esq., L.L.M.

Dated: September 3, 2025

## **VERIFICATION**

NICHOLAS W. MATTIACCI, ESQUIRE, states that he is the attorney for Plaintiff herein, that he is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his information, knowledge and belief, and that this statement is made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

By: */s/ Nicholas W. Mattiacci*

Nicholas W. Mattiacci, Esq., L.L.M.

Dated: September 3, 2025